# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2282

_____

Nicholas Dereschuk

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 9, 2017
Filed: June 21, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Nicholas Dereschuk was involved in a motor vehicle accident that injured his back in 2008, when he was 21 years old. He developed progressive hip pain and underwent arthroscopic right hip surgery in December 2010 and arthroscopic left hip surgery in February 2011. He applied for Social Security disability insurance benefits and supplemental security income in June 2011, alleging an onset date of May 1,

2010, due to scoliosis, spondeothylosis, "hip problems," and depression. After the Commissioner denied the application initially and on reconsideration, Dereschuk requested a hearing before an Administrative Law Judge (ALJ). On May 24, 2013, the ALJ held a hearing at which Dereschuk and a vocational expert (VE) testified.

On July 25, 2013, the ALJ denied Dereschuk's application. The ALJ found that Dereschuk had several severe impairments: "degenerative joint disease of the hips bilaterally; status-post bilateral arthroscopic surgery; right knee sprain injury; degenerative disc disease of the spine; major depression; and anxiety disorder." The ALJ found that these impairments alone or in combination did not meet or equal a listing impairment, including Listing 1.02 for major dysfunction of a joint, and Listing 12.04 for affective disorder. See 20 C.F.R. Part 404, Subpart P, Appendix 1.

Considering the entire administrative record, the ALJ found Dereschuk had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with several limitations.[1] In reaching this RFC assessment, the ALJ found that, along with other inconsistencies, Dereschuk's "reported activities of daily living, course of treatment, medication management, and clinical assessments do not support his disabling allegations. The evidence shows that [Dereschuk] has been managed with a course of treatment, shown improvement with physical therapy and pool therapy, and at times has been non-compliant with taking medications as prescribed or following through with physical therapy." The ALJ noted that Dereschuk applied for and received Minnesota unemployment

---

[1]The limitations were: No climbing ladders, ropes or scaffolds, no standing or working on uneven ground, no crawling, no work at heights or with hazards or hazardous machinery, no pushing and pulling with lower extremities, no power grasping or use of hand tools or vibratory tools of that nature; only occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and overhead reaching; only brief and superficial contact with coworkers, supervisors, and the public; and allowing use of a cane when ambulating.

benefits from the fourth quarter of 2010 through the second quarter of 2012, a request that conceded he was "ready and willing" to work during that period. The ALJ rejected as unsupported a neurologist's opinion that Dereschuk should avoid repetitive work with outstretched arms, and discounted two identical letters from treating physician Dr. Saccoman, a letter and medical source statement (MSS) from treating physician Dr. Xiaaj, and a letter from treating orthopedic surgeon Dr. Sierra, because objective medical evidence did not support or contradicted the doctors' generic opinions. Based on the RFC finding, the ALJ found that Dereschuk could not perform his past work as a landscape foreman, fast food worker, roofer, or sales associate. However, accepting the testimony of the VE, the ALJ found that Dereschuk was not disabled because he could perform several jobs that exist in significant numbers in the national economy, such as polisher, inspector, or laminator.

The agency's Appeals Council denied Dereschuk's request for review, making the ALJ's decision the Commissioner's final decision. Dereschuk then filed this civil action, alleging that the ALJ's decision was not supported by substantial evidence on the administrative record as a whole because the ALJ erred by (1) not affording controlling weight to the letters and MSS from Dereschuk's three treating physicians; (2) determining that Dereschuk does not have an impairment or combination of impairments that meets or medically equals Listing 1.02 or Listing 12.04; and (3) finding that Dereschuk had the RFC to perform a limited range of sedentary work. In an extensive 67-page opinion, the district court[2] affirmed the denial of benefits. The court carefully examined each letter and the MSS and concluded that the ALJ "properly weighed the opinions of [Dereschuk's] treating providers [g]iven the essentially conclusory statements [in the letters] that [he was] unable to work and inconsistencies with the record." Further, the court found substantial evidence

---

[2]The Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota, who was designated to decide the case on the merits with the consent of the parties pursuant to 28 U.S.C. § 636(c).

supported the ALJ's determination that Dereschuk did not meet Listings 1.02 and 12.04, and the ALJ's RFC determination.

On appeal, Dereschuk argues that the ALJ's decision was not supported by substantial evidence on the administrative record as a whole because the ALJ committed the three errors he argued to the district court.[3] "We review *de novo* the district court's decision affirming the ALJ's denial of benefits." Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016). After carefully reviewing the administrative record, we conclude that substantial evidence supports the ALJ's decision and affirm for the reasons stated in the district court's thorough opinion. See 8th Cir. Rule 47B.

_____

[3]Dereschuk argues for the first time in his reply brief that the VE erred in testifying that Dereschuk has the RFC to perform two types of sedentary work the VE identified because the Dictionary of Occupational Titles rates those jobs as light work. Absent some reason for failing to raise an issue in the opening brief, "we will not consider an issue first raised in a reply brief." United States v. Darden, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995), cert. denied, 517 U.S. 1149 (1996).